UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20229-RUIZ

UNITED STATES OF AMERICA

v.

GREGORI ARZUMANOV,
    a/k/a "Grigori Arzoumanov,"

    **Defendant.**
_____/

## GOVERNMENT'S FIRST RESPONSE TO
## THE STANDING DISCOVERY ORDER

The United States hereby files this response to the Standing Discovery Order after producing records marked USAO_000001 – USAO_000555 via the filesharing platform USAfx on June 24, 2025. Counsel for the Defendant Gregori Arzumanov (the "Defendant") should contact the undersigned Assistant United States Attorney if any records are missing. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

    A.    1.    Enclosed please find copies of an audio recording which contains statements made by the Defendant.

           2.    Enclosed are reports related to the allegations, which include the substance of statements made by the Defendant.

           3.    The Defendant did not testify before the Grand Jury.

           4.    The Defendant's prior criminal record, if any exists, will be made available upon receipt by this office.

           5.    Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the Defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the Defendant, may be inspected at a mutually convenient time at:  the Office of the United States Attorney, 99

Northeast 4th Street, Miami, Florida, Suite 600. Please call the undersigned to set up a date and time that is convenient to both parties.

The materials disclosed to date are not necessarily copies of all the books, papers, documents, data, etc., that the government may intend to introduce at trial. Electronic devices seized from the Defendant are available to review upon appointment.

6. There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B. DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C. The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976).

D. The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of *Giglio v. United States*, 405 U.S. 150 (1972), or *Napue v. Illinois*, 360 U.S. 264 (1959).

E. The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F. The Defendant was not identified in a lineup, show up, photo array or similar identification proceedings.

G. The government has advised its agents and officers involved in this case to preserve all rough notes.

H. The government will timely advise the Defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

| | |
|---|---|
| I. | The Defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. § 2516 and 18 U.S.C § 2518 and that has been unsealed in accordance with 18 U.S.C § 2518. |
| J. | The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause. |
| K. | No contraband that could be subjected to independent chemical analysis is involved in this Indictment. |
| L. | The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession. |
| M. | The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the Defendant. |
| N. | To date, the government has not received a request for disclosure of the subject matter of expert testimony that the government reasonably expects to offer at trial. |
| O. | The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference. The government is available for a pretrial discovery conference as required by Rule 16.1 of the Federal Rules of Criminal Procedure and Local Rule 88.10(o). |

[SPACE INTENTIONALLY LEFT BLANK]

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, *Brady*, *Giglio*, *Napue*, and the obligation to assure a fair trial.

Respectfully submitted,

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

By:   */s/ Ilana R. Malkin*
     Ilana R. Malkin
     Assistant United States Attorney
     Court ID No. A5503170
     99 Northeast 4th Street
     Miami, Florida 33132
     Tel.: (305) 961-9170
     Email: Ilana.Malkin@usdoj.gov

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June 24, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document and the referenced discovery is being served this day on counsel of record.

     */s/ Ilana R. Malkin*
     Ilana R. Malkin
     Assistant United States Attorney