UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20229-RAR

UNITED STATES OF AMERICA

v.

GREGORI ARZUMANOV,

     Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION
## FOR JUDGMENT OF ACQUITTAL AND MOTION FOR NEW TRIAL

**THIS CAUSE** comes before the Court upon Defendant Gregori Arzumanov's Motion for Judgment of Acquittal as to Counts I, II, and III of the Indictment ("MJA"), [ECF No. 139], and Motion for New Trial Pursuant to Fed. R. Crim. P. 33(a) ("MNT"), [ECF No. 140], filed on June 29, 2026 (collectively, "Motions"), after a jury found him guilty of violating 18 U.S.C. § 1349 and 18 U.S.C. § 1343 on May 13, 2026 ("Verdict"), [ECF No. 123]. The Court has carefully reviewed the Motions, the Government's Response to Defendant's Post-Trial Motions for Judgment of Acquittal and New Trial ("Response"), [ECF No. 142], Defendant's Reply to the Government's Response ("Reply"), [ECF No. 143], the record, and the applicable law. As explained herein, it is

**ORDERED AND ADJUDGED** that Defendant's Motion for Judgment of Acquittal as to Counts I, II, and III of the Indictment, [ECF No. 139], and Motion for New Trial Pursuant to Fed. R. Crim. P. 33(a), [ECF No. 140], are **DENIED**.

## BACKGROUND

On May 21, 2025, a federal grand jury returned an indictment against Defendant Gregori Arzumanov, along with a co-defendant. *See* Indictment, [ECF No. 12]. Defendant was charged with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (Count I); and two

substantive counts of wire fraud, in violation of 18 U.S.C. § 1343 (Counts II–III). *Id.* Following a jury trial, Defendant was found guilty on all three counts. [ECF No. 123].

In his Motion for Judgment of Acquittal, Defendant first "renews all previous arguments made on the record at trial" as to Counts I and II. MJA at 1. Defendant also argues that the evidence presented at trial was insufficient to establish his guilt as to Count III. *See generally id.* Specifically, Defendant posits that he "did not make any material false representation in the process of withdrawing the funds and obtaining the cashier's check as required to sustain a conviction under the Wire Fraud statute." *Id.* at 3.

In his Motion for New Trial, Defendant requests that the Court set aside the guilty verdict due to the introduction of testimony by Detective Sealy that "Mr. Arzumanov received $30,000 from [his co-defendant] as referenced in the July bank statement." MNT at 5. Defendant maintains that defense counsel did not "open the door" during cross-examination and this prejudicial statement denied him a fair trial because the defense reasonably relied upon the Court's prior ruling excluding the bank statement and testimony concerning its contents from the Government's case-in-chief when structuring its entire trial strategy. *Id.* at 5–6. Specifically, "[b]y the time Detective Sealy testified, the defense could not alter its opening statement, restructure its cross-examinations, travel to Moscow to interview and obtain witnesses to rebut the evidence, or otherwise mitigate the prejudice caused by the Government's untimely disclosure." *Id.* at 6. Defendant further argues that the Court's "refusal to provide the jury with the requested theory of defense instruction [ ] seriously impaired Defendant's ability to present his sole defense and requires a new trial under Rule 33." *Id.* at 11.

The Court addresses the arguments raised in Defendant's Motion for Judgment of Acquittal and Motion for New Trial below.

## LEGAL STANDARD

In considering a request for judgment of acquittal under Federal Rule of Criminal Procedure 29(c), "a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction." *United States v. Ward*, 197 F.3d 1076, 1079 (11th Cir. 1999) (citation omitted). This means a "verdict of guilty must stand if there is substantial evidence to support it 'unless no trier of fact could have found guilt beyond a reasonable doubt.'" *United States v. Toler*, 144 F.3d 1423, 1428 (11th Cir. 1998) (quoting *United States v. Lyons*, 53 F.3d 1198, 1202 (11th Cir. 1995)). Any conflicts in the evidence are resolved in favor of the Government, and all inferences that tend to support the Government's case must be accepted. *See Ward*, 197 F.3d at 1079 (citations omitted). The court is to determine "whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *Id.* (citations omitted); *see also United States v. Medina*, 485 F.3d 1291, 1296–97 (11th Cir. 2007). In other words, the court must consider whether when "viewing the evidence in the light most favorable to the prosecution, would any rational trier of fact [find] all the essential elements of the crime beyond a reasonable doubt." *United States v. Lopez*, 403 F. App'x 362, 370–71 (11th Cir. 2010).

Under Federal Rule of Criminal Procedure 33, a court may grant a new trial "if the interest of justice so requires." FED. R. CRIM. P. 33(a). The power of a court to grant a new trial under Rule 33 is much broader than the power to grant a motion for acquittal under Rule 29. *See United States v. Ward*, 274 F.3d 1320, 1323 (11th Cir. 2001). The decision to grant or deny a criminal defendant's motion for new trial rests with the district court's sound discretion. *United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994). However, "[m]otions for a new trial are highly disfavored and should be granted with great caution." *United States v. Muzio*, 663 F. App'x 845, 849 (11th Cir. 2016). The district court is not free, therefore, to "reweigh the evidence and set

aside the verdict simply because it feels some other result would be more reasonable." *Butcher v. United States*, 368 F.3d 1290, 1297 (11th Cir. 2004) (quoting *United States v. Martinez*, 763 F.2d 1297, 1312–13 (11th Cir. 1985)).  Finally, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand."  *Id.* (quoting *Martinez*, 763 F.2d at 1312–13).  This ensures that the district court's judgment is not substituted for that of the jury.  *See id.*

## ANALYSIS

### I.  Motion for Judgment of Acquittal

In his request for a judgment of acquittal under Rule 29(c), Defendant "renews all previous arguments made on the record at trial" as to Counts I and II.  MJA at 1.  However, Defendant has not identified with specificity any previous arguments made during trial which he seeks to renew.  Rather the Motion is made, generally, and as to all previous arguments.  Therefore, the Court is unable to address the previous arguments with any specificity.  *United States v. Powell*, No. 10-cr-00036, 2010 WL 11506900, at *1 n.1 (M.D. Fla. Dec. 16, 2010); *see also United States v. Gossett*, 877 F.2d 901, 904 (11th Cir. 1989) (finding that where a defendant's motion is "vague and conclusory" and "fails to provide the court with any basis to grant" the motion, it should be denied); *United States v. Markovich*, 95 F.4th 1367, 1379 (11th Cir. 2024) (rejecting a "conclusory argument" because the party advancing it "d[id] not explain [its] legal basis" or cite "legal authority to support it").  Accordingly, the Court's ruling on all previous arguments made during trial as to Counts I and II shall remain as stated during the course of trial.

Next, Defendant challenges the sufficiency of the evidence to sustain the conviction on Count III.  *See generally* MJA.  To prove wire fraud in violation of 18 U.S.C. § 1343, as charged in Count III, the Government had to prove beyond a reasonable doubt that Defendant

"(1) intentionally participated in a scheme or artifice to defraud another of money or property; and (2) used or caused the use of the [ ] wires for the purpose of executing the scheme or artifice." *United States v. Wheeler*, 16 F.4th 805, 819 (11th Cir. 2021) (cleaned up) (quoting *United States v. Langford*, 647 F.3d 1309, 1320 (11th Cir. 2011)).  The first element, a scheme or artifice to defraud, "requires proof of a material misrepresentation, or the omission or concealment of a material fact calculated to deceive another out of money or property." *United States v. Maxwell*, 579 F.3d 1282, 1299 (11th Cir. 2009).  "A misrepresentation is material if it has a natural tendency to influence, or is capable of influencing, the decision maker to whom it is addressed."  *Id.* (alteration, citation, and internal quotation marks omitted).  An intent to defraud for purposes of wire fraud may be inferred from the defendant's conduct.  *Id.* at 1301.  And "[e]vidence that a defendant personally profited from a fraud may provide circumstantial evidence of an intent to participate in that fraud."  *United States v. Naranjo*, 634 F.3d 1198, 1207 (11th Cir. 2011).

Defendant argues that the Government failed to offer any evidence that he made a material false representation or false omission to the bank or anyone else which was reasonably calculated to deceive persons of ordinary prudence out of money or property.  MJA at 5.  Defendant maintains that all his representations to the bank when obtaining the cashier's check were factually true, including that he was president of the Turnberry on the Green Condominium Association, he had authority to withdraw funds, and he presented a valid driver's license.  *Id.* at 3–4.

At the close of the Government's case, Defendant sought judgment of acquittal pursuant to Rule 29, which the Court denied.  In his post-trial Motion, Defendant offers no new arguments and instead simply rehashes his previous contentions.  However, review of the transcripts and exhibits indicates that the Court's previous understanding of the evidence was correct.

Specifically, the evidence at trial established that (1) Defendant and his co-defendant approached the Board of the Turnberry on the Green Condominium Association in early 2024, urging the Board to invest its reserve funds into a purported high-yield investment plan; (2) the Board rejected the proposal and did not approve any project that authorized Defendant to transfer the reserve funds; (3) Defendant obtained a cashier's check for $116,251.27, removing those funds from the Board's reserve account at Citibank; (4) Defendant represented to Citibank that the cashier's check was for Turnberry on the Green Condominium Association; (5) Defendant gave the cashier's check to his co-defendant, who deposited it into an unauthorized account opened in Turnberry on the Green Condominium Association's name at Truist Bank; (6) the Board was unaware this account existed; (7) $116,251.27 was then transferred to the co-defendant's account for IX Financial Center Inc. at Truist Bank; (8) these funds were then wired from the co-defendant's IX Financial Center Inc. account to Impex Trading & Finance LLC's account at Bank of America; and (9) $30,000 was then wired from the Impex Trading & Finance LLC account into a Bank of America account in the name of Defendant's company.  Therefore, there was sufficient evidence at trial for the jury to have found that Defendant committed the elements of wire fraud.

Because Defendant offers no basis for the Court to reconsider its previous ruling, the Court denies Defendant's renewed request for a judgment of acquittal for the same reasons announced on the record during trial.  *United States v. Mulherin*, 529 F. Supp. 916, 923 (S.D. Ga. 1981), *aff'd*, 710 F.2d 731 (11th Cir. 1983) (holding that post-verdict renewed motion for judgment of acquittal raising the same arguments made during the *ore tenus* motion at trial "would not cause the Court to reconsider its prior rulings."); *see also United States v. Esformes*, No. 16-20549, 2019 WL 2743576, at *1 (S.D. Fla. July 1, 2019), *aff'd*, 60 F.4th 621 (11th Cir. 2023); *United States v. Beverly*, No. 17-60093, 2018 WL 985073, at *2 (S.D. Fla. Feb. 20, 2018); *United States v.*

*Wasserman*, No. 20-cr-00207, 2024 WL 586002, at \*4 (M.D. Fla. Jan. 10, 2024); *United States v. Atkins*, No. 18-cr-00483, 2019 WL 6728263, at \*6 (M.D. Fla. Dec. 11, 2019).   Accordingly, Defendant's Motion for Judgment of Acquittal is denied.

### II.  Motion for New Trial

As explained above, Defendant raises two arguments in support of a new trial.  *See generally* MNT.  The Court addresses each argument in turn.

#### a.  Testimony of Detective Sealy

Defendant renews his argument that Detective Sealy should have been precluded from testifying about the contents of the July 2024 bank statement.  MNT at 3–8.  On the morning of the second day of trial, prior to opening statements, the Government raised the issue of a new exhibit, a July 2024 bank statement, which it had not disclosed to Defendant during discovery. The Court found that the Government's late production of the July 2024 bank statement was a violation of Federal Rule of Criminal Procedure 16 that substantially prejudiced Defendant.[1] Accordingly, the Court excluded the July 2024 bank statement from the Government's case-in-chief.  However, the Court acknowledged that the July 2024 bank statement could potentially be admissible as rebuttal evidence since Rule 16's notice requirements apply only to the

---

[1]  As an aside, the Government continues to contend that it did not commit a discovery violation by disclosing the July 2024 bank statement on the second morning of trial.  *See* [ECF No. 104]; Resp. at 8 n.3. While the Court ruled otherwise at trial, *see United States v. Yepa*, 608 F. App'x 672 (10th Cir. 2015), this argument presents a separate and independent basis to deny a new trial based on the error alleged by Defendant.  *See United States v. Feliciano-Francisco*, 701 F. App'x 808, 811 (11th Cir. 2017) (citing *United States v. Brazel*, 102 F.3d 1120, 1150 (11th Cir. 1997)) ("When the government learned that the photographs existed and that it did not have them, the government obtained the photographs and soon thereafter gave them to defense counsel, thereby complying with the obligations of Rule 16."); *United States v. Rubinstein*, 466 F. App'x 848, 852 (11th Cir. 2012) ("There was no Rule 16 violation by the government because evidence that is not in the government's custody or control is not subject to discovery."); *United States v. Kivett*, 262 F. App'x 967, 972 (11th Cir. 2008) ("Because Exhibit Eight was not 'within the possession, custody, or control' of the government prior to a few days before the trial, the district court did not abuse its discretion by admitting the exhibit and denying relief under Rule 16(d)(2)(C).").

Government's case-in-chief.  At trial, testimony of Detective Sealy regarding the July 2024 bank statement was admitted as rebuttal evidence.

Defendant now challenges the admission of Detective Sealy's testimony regarding the July 2024 bank statement as rebuttal evidence, arguing that he did not open the door to the introduction of such evidence.  MNT at 6–7.  The Eleventh Circuit allows evidence that is otherwise inadmissible to be admitted "on redirect as rebuttal evidence, when defense counsel has opened the door to such evidence during cross-examination."  *United States v. Ouedraogo*, 824 F. App'x 714, 722–23 (11th Cir. 2020) (citing *United States v. West*, 898 F.2d 1493, 1500 (11th Cir. 1990)).  "The district court has broad discretion in admitting rebuttal evidence."  *United States v. Hawkins*, 905 F.2d 1489, 1496 (11th Cir. 1990).  Rebuttal evidence is testimony used "to explain, repel, counteract, or disprove the evidence of the Adverse party" such that "if the defendant opens the door to the line of testimony, he cannot successfully object to the prosecution 'accepting the challenge and attempting to rebut the proposition asserted.'"  *Ouedraogo*, 824 F. App'x at 723 (quoting *United States v. Delk*, 586 F.2d 513, 516 (5th Cir. 1978)).  There is no error in allowing the introduction of evidence on rebuttal simply because it would have been impermissible to introduce said evidence during the government's case-in-chief.  *Id.* (citing *Delk*, 586 F.2d at 519).

Here, on cross-examination of Detective Sealy, defense counsel inquired about the flow of funds from the Board of the Turnberry on the Green Condominium Association's reserve account, including the final destination of the $116,251.27 that Defendant removed from the reserve account by cashier's check.  Defense counsel implied that Defendant's co-defendant did not run off with such funds and that these funds were ultimately frozen in an account and recovered by the Turnberry on the Green Condominium Association.  Accordingly, defense counsel opened the door to previously excluded evidence, and the Court properly exercised its discretion to permit the

Government to clarify the facts surrounding the movement and recipient of the funds. *United States v. Elliott*, 849 F. 2d 554, 559 (11th Cir. 1988) (concluding the trial court did not abuse its discretion in allowing the government to clarify on redirect what was elicited on cross-examination); *United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1366 n.13 (11th Cir. 1994) (stating the district court did not abuse its discretion by permitting the government to clarify on redirect examination an area of testimony that the defendant had raised on cross-examination). The Court thus finds that the interest of justice does not require a new trial based on the admission of Detective Sealy's testimony regarding the contents of the July 2024 bank statement.

### b. *Proposed Theory of the Defense Jury Instruction*

Next, Defendant contends that he should be granted a new trial because the Court erred by declining to give his requested Theory of the Defense Instruction. MNT at 8–11. On May 13, 2026, Defendant filed his Proposed Jury Instructions, which included an instruction on Defendant's theory of defense. [ECF No. 114]. The requested Theory of the Defense Instruction provides:

> Good faith is a complete defense to the crimes charged in the Indictment because good faith on the part of the Defendant is inconsistent with an intent to defraud.
>
> The defense theory in this case is that the Defendant believed the transfer of condominium association funds was a legitimate investment intended to benefit the condominium association and generate profit for the association, rather than to cause financial loss or injury.
>
> A person who acts on an honestly held belief that his actions are intended to benefit the alleged victim does not act with intent to defraud, even if the conduct was unauthorized, negligent, inconsistent with fiduciary obligations, or constituted poor business judgment.
>
> You may not convict the Defendant based solely on evidence that: (1) the condominium board did not authorize the transaction; (2) the

Defendant violated condominium rules, fiduciary duties, or internal procedures; or (3) the Defendant failed to disclose information to the board.

The Government must prove beyond a reasonable doubt that the Defendant acted with a specific intent to deceive and cheat the condominium association and intended to cause financial loss or injury.

If you have a reasonable doubt about whether the Defendant honestly believed the transaction was intended to benefit the condominium association, then you must find the Defendant not guilty. *United States v. Takhalov*, 827 F.3d 1307 (11th Cir. 2016).

[ECF No. 114] at 1–2.  The Government opposed Defendant's proposed Theory of the Defense Instruction, relying on *United States v. Waters*, 937 F.3d 1344 (11th Cir. 2019).  [ECF No. 115]. The Court declined to include Defendant's requested instruction in the Court's Instructions to the Jury.  *See* [ECF No. 117].

A district court's failure to give a requested instruction constitutes reversible error only when the instruction "(1) was correct, (2) was not substantially covered by the charge actually given, and (3) dealt with some point in the trial so important that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." *Waters*, 937 F.3d at 1353 (quoting *United States v. Eckhardt*, 466 F.3d 938, 947–48 (11th Cir. 2006)).  Nevertheless, this Court "is not bound to use the exact words and phrasing requested by defense counsel in its jury charge." *United States v. Gonzalez*, 975 F.2d 1514, 1517 (11th Cir. 1992).  When deciding if the difference in the requested instruction and the one actually given is significant, the Court must "ascertain whether the charge, when viewed as a whole, fairly and correctly states the issues and the law." *Id.*

*First*, Defendant's requested instruction was deficient, misleading, and confusing.  In the Motion for New Trial, Defendant maintains that the requested instruction is a correct statement of

law that "accurately reflect[s] the controlling principles announced in *United States v. Takhalov*." MNT at 9.   And unlike the requested instruction in *United States v. Waters*, "the requested instruction in this case was complete and would not lead to confusing the jury."  *Id.* at 10.   The Government responds, however, that the "proposed instruction was inappropriate as it comported with neither the standard wire fraud pattern instruction (already adjusted to incorporate *Takhalov* language by the Eleventh Circuit Judicial Council) nor the standard 'Good-Faith Defense' instruction."  Resp. at 10–11.  Moreover, the requested instruction was confusing and contained the defects identified in *Waters*.  *Id.* at 11.

The Government is correct.  The Eleventh Circuit Pattern jury instruction incorporates "the distinction the [Eleventh Circuit] drew in *Takhalov* between the intent to deceive and the intent to defraud."  *United States v. Bell*, 112 F.4th 1318, 1336 (11th Cir. 2024) (citing Eleventh Circuit Pattern Jury Instructions, Criminal Cases O50.1, at 2 (Jan. 2019 rev.)).  Therefore, the instruction provided by the Court—the Eleventh Circuit Pattern jury instruction—reflects this principle of law.  *Compare* [ECF No. 117] at 10–11, *with* Eleventh Circuit Pattern Jury Instructions, Criminal Cases O51 (Dec. 2025 rev.).  Furthermore, the requested Theory of the Defense Instruction contained undefined terms, such as "legitimate investment," "benefit," and "unauthorized," without sufficient context or tools for assessment, and such ambiguity risked misleading the jury. *United States v. Cooper*, 926 F.3d 718, 736 (11th Cir. 2019) (affirming district court's rejection of defendant's proposed jury instruction "because it was misleading and confusing" (citation and internal quotation marks omitted)); *United States v. Silverman*, 745 F.2d 1386, 1396 (11th Cir. 1984) (noting that a district court "is bound to refuse a requested instruction that is incomplete, erroneous, or misleading").

*Second*, Defendant's requested instruction was substantially covered by the Court's Instructions to the Jury.  The "Good-Faith Defense" instruction that the Court gave was similar to the requested Theory of the Defense Instruction, which repeated the defense of good faith to a charge requiring specific intent and put the good faith defense in the context of business ventures. *See United States v. Mackey*, No. 10-cr-00310, 2012 WL 3260462, at *10–11 (N.D. Ga. Aug. 8, 2012).  The Court also gave a "Fiduciary Duty Evidence" instruction, which further instructed the jury that "whether Defendant complied with or violated any fiduciary duty under Florida law is not itself an element of the crimes charged in this case. . . . A finding that [Defendant] may have violated a fiduciary duty, standing alone, does not establish that he committed wire fraud or conspiracy to commit wire fraud.  You may not convict [Defendant] based upon any belief that he acted improperly, unethically, negligently, or in violation of any fiduciary obligation."  [ECF No. 117] at 12.  This instruction made clear that a breach of fiduciary duty or a condominium governance violation could not be considered tantamount to criminal liability for wire fraud. Accordingly, the subject matter of Defendant's requested Theory of the Defense Instruction was substantially covered by the Court's Instructions to the Jury.

*Finally*, the omission of Defendant's requested instruction did not impair his ability to present a complete defense as Defendant was able to argue his theory of defense in his closing argument.  *See Mackey*, 2012 WL 3260462, at *11; *see also United States v. Martinelli*, 454 F.3d 1300, 1317 (11th Cir. 2006) (holding defendant's ability to defend himself not seriously impaired where evidence of good faith was slight and defendant's attorney argued good faith to the jury in his closing); *United States v. Jensen*, 573 F. App'x 863, 875 (11th Cir. 2014) ("Argumentative statements regarding the application of evidence to the law are appropriate in closings, not jury instructions.").  Thus, the interest of justice does not require a new trial based on the Court's refusal

to give Defendant's Theory of the Defense Instruction.

**CONCLUSION**

Based on the foregoing, it is hereby **ORDERED AND ADJUDGED** that Defendant's

Motion for Judgment of Acquittal as to Counts I, II, and III of the Indictment, [ECF No. 139], and

Motion for New Trial Pursuant to Fed. R. Crim. P. 33(a), [ECF No. 140], are **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 11th day of August, 2026.

_____

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**